UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHNNY EDMONDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-485-PPS-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Johnny Edmonds, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (MCF 15-12-52) where a Disciplinary Hearing Officer (DHO) found him guilty of assault in violation of Indiana Department of Correction (IDOC) Policy A-102. ECF 1 at 1. As a result, he was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class I to Credit Class II.

In Grounds One and Two, Edmonds argues that the DHO had insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some

factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report charged Edmonds as follows:

> On 12/3/2015 at approximately 1247 p.m., I (Sgt Kingery) was handling a situation on the 3/4 range when I was contacted by my pod officer to step over to the 1/2 side. when I entered the 1/2 range, I noticed three offenders engaged in what appeared to be a heated argument. After instructing the range to lock down, I separated the three offenders and restrained all three, with assistance from Phase 2 QRT Supervisor and Phase 2 K-9. Edmonds, Johnny (#984924, KHU-101) was seen on camera, using closed fists, assaulting an offender with assistance from another offender. The offender who was assaulted sustained injuries causing him to be admitted to the Infirmary. Edmonds was escorted to RHU with no further incident.

ECF 11-1. Edmonds was charged and found guilty of violating IDOC A-102. This offense is defined as, "[c]ommitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf).

The DHO had sufficient evidence to find Edmonds guilty. At the hearing, Edmonds had the opportunity to make a statement in his defense, and he told the DHO, "I don't want to say anything." ECF 11-7. The DHO found Edmonds guilty based on the Conduct Report, Edmonds' statement, and the surveillance footage. The surveillance video shows three offenders engage in an altercation that occurs mostly outside the viewing area of the camera. However, one of the offenders can be seen repeatedly punching another offender with a closed fist. The DHO's finding was not arbitrary or unreasonable in light of this evidence.

Edmonds argues that there was insufficient evidence to supporting a guilty finding pursuant to A-102 because there was no evidence of serious bodily injury. The IDOC defines "serious bodily injury" as:

> An injury to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stiches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
> - Serious permanent disfigurement;
> - Unconsciousness;
> - Extreme pain;
> - Permanent or protracted loss or impairment of the function of a bodily member or organ; or
> - Loss of a fetus.

Indiana Department of Correction, Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. Here, the victim was taken to the infirmary and had to be admitted for treatment. Photographs of the victim's injuries demonstrate the serious nature of the

3

swelling and bruising to the victim's face. ECF 11-2. Thus, the DHO was provided with sufficient evidence that the victim of this attack sustained serious bodily injury as a result of the attack.

Edmonds also suggests that the DHO was not impartial because the evidence did not support the charge. ECF 1 at 3. Prisoners have a due process right to an impartial fact-finder. This means, for example, that a prison official who was personally and substantially involved in the underlying incident may not act as a decision-maker in the case. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). However, Edmonds does not argue that the DHO was rendered impartial due to some involvement in the underlying incident. Rather, he suggests the DHO was not impartial because the DHO did not weigh the evidence in his favor. While Edmonds had a due process right to have the DHO consider his evidence, he had no right for the DHO to be persuaded by his evidence. It was the exclusive province of the DHO to weigh the evidence, the credibility of the parties, and to resolve the factual dispute. This court will not re-weigh the evidence. *Webb*, 224 F.3d at 652. Because there was sufficient evidence to support the guilty finding, Grounds One and Two do not identify a basis for granting habeas corpus relief.

In Ground Three, Edmonds argues that he is entitled to habeas corpus relief because the DHO violated IDOC policy and sanctioned him with a length of segregated confinement that exceeded the maximum permitted by IDOC policy. Respondent asserts that Edmonds is procedurally defaulted on this claim because he did not raise the claim during his administrative appeals. In habeas corpus proceedings, the exhaustion requirement is

4

contained in 28 U.S.C. § 2254(b). To properly exhaust his administrative remedies, Edmonds must have properly utilized the IDOC grievance procedure. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Respondent is correct that Edmonds did not raise Ground Three in his administrative appeals. However, a petition for habeas corpus relief may be denied on the merits, notwithstanding the petitioner's failure to exhaust. 28 U.S.C. § 2254(b)(2). I do so here.

Edmonds' habeas petition is limited to challenging the fact or duration of his confinement. "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). *See also Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his sentence). Because Edmonds' disciplinary segregation did not affect the fact or duration of his confinement, he may not challenge the imposition of segregation in this petition.[1] Thus, Ground Three does not identify a basis for granting habeas corpus relief.

If Edmonds wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on

---

[1] I note, however, that Edmonds' disciplinary segregation *was* within the maximum allowable range. Pursuant to IDOC policy, prisoners who violate A-102 may be sanctioned with as much as a one-year term in segregation. Here, Edmonds received only 30 days.

appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court **DENIES** the habeas corpus petition (ECF 1). The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

ENTERED: October 2, 2017.　　　　　　　　　/s Philip P. Simon  
　　　　　　　　　　　　　　　　　　　　　Judge  
　　　　　　　　　　　　　　　　　　　　　United States District Court